Rafael del Valle Zeno, Plaintiff and Appellant, *v.* Jesús María Rossy et al., Defendants and Appellees.

No. 4774.  Argued January 22, 1929.—Decided May 2, 1929.

M. *Rodríguez Serra* for the appellant.  L. *Llorens Torres, J. B. Soto* and *Jesús M. Rossy* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

The history of the present case may be seen in *Rossy v. Del Valle,* 34 P.R.R. 696; *Del Valle Zeno,* Petitioner, 14 Fed. (2nd.) 418 '(First Circuit Court of Appeals), and *Rossy v. Del Valle,* 37 P.R.R. 356.  From these cases and from the evidence introduced at this trial it appears that on August 7, 1924, Jesús María Rossy brought an action of unlawful detainer in the District Court of San Juan against Rafael del Valle Zeno for failure to perform certain conditions of the lease contract entered into by them for working a quarry located on a property of the plaintiff.  After trial the district court dismissed Rossy's complaint on the ground that he had no cause of action in unlawful detainer because the contract entered into by him with Del Valle in regard to the property was not a lease, but on appeal that judgment was reversed and the case was remanded to the trial court which then rendered judgment for the plaintiff and ordered the eviction of the defendant if he did not vacate the property within twenty days.  Del Valle appealed from that judgment, but at the instance of Rossy that appeal was dismissed on February 15, 1926, and our decision was communicated to the district court which rendered the judgment, whereupon it ordered the execution of its judgment.  On March 10, 1926, the marshal of the court gave to Rossy the possession of his

property before Del Valle had removed from it the machinery which he had installed there for his business because two days later the execution of the judgment was stopped by an order of the Circuit Court in a mandamus petition presented to it by Del Valle. That mandamus proceeding was acted upon by the Circuit Court on August 5, 1926, by setting aside the dismissal of the appeal and directing that Del Valle's appeal should be heard on its merits. The said decision was received by this court in January of 1927 and on the 12th of that month this court decided to reinstate Del Valle's appeal and so informed the District Court of San Juan which two days later vacated its order of execution made on March 10, 1926, and directed the marshal to put the property in the condition in which it was before that date. Subsequently, or on July 28, 1927, this court affirmed the judgment rendered by the district court in the action of unlawful detainer and Del Valle appealed therefrom to the Circuit Court of Appeals.

In the interim of those occurrences Del Valle sued Rossy and another to recover a certain sum of money as damages alleged to have been suffered after March 10, 1926, by being deprived of the possession of the leased property. At the trial Del Valle and Rossy agreed, with the approval of the court, that it be determined first whether in view of the evidence to be introduced on certain facts the plaintiff had a cause of action to recover damages and if that question should be decided in favor of the plaintiff, to submit evidence on the amount of damages. After hearing the evidence on the first proposition the court rendered judgment dismissing the complaint, from which judgment Del Valle raised the present appeal.

At the time of the hearing on this appeal the Circuit Court of Appeals had affirmed, on November 27, 1928, our judgment in the appeal of Del Valle from the judgment in the action of unlawful detainer.

Several errors are assigned by the appellant in support

of his appeal, but he argues them jointly because all of them may be condensed into a single question, viz., whether from the facts he has a cause of action.

It is true, as said by the appellant, that his appeal from the judgment in the action of unlawful detainer produced the effect of suspending all proceedings in the lower court in regard to the judgment appealed from because it is so provided by section 297 of the Code of Civil Procedure, and that it could not be executed pending final judgment in his appeal; but when the District Court of San Juan ordered the execution of its judgment in the action of unlawful detainer that judgment had become final by reason of the dismissal by this court of Del Valle's appeal and because no appeal allowed Del Valle from that judgment was pending. Therefore, said section 297 was not applicable and the possession given to Rossy could cause no damages to Del Valle for which he could sue; and although subsequently the judgment of this court which made the judgment of the district court executionable was set aside by the Circuit Court's reversal of the judgment dismissing Del Valle's appeal, if the possession given to Rossy in those conditions caused damages to Del Valle, they would be *dammum absque injuria* and therefore not recoverable. Moreover, the Circuit Court of Appeals having held that Rossy had a right to bring his action of unlawful detainer against Del Valle, thus affirming our judgment and that of the District Court of San Juan ordering the eviction, it is undeniable that Rossy was entitled under that judgment to the possession of his property when it was given to him by the District Court of San Juan and therefore Del Valle has not against him the right of action asserted in this case.

The judgment appealed from must be affirmed.

Mr. Justice Wolf dissented.

Mr. Justice Texidor took no part in the decision of this case.

DISSENTING OPINION OF MR. JUSTICE WOLF

At the time of the appeal in this case from the district court to the Supreme Court Rafael del Valle Zeno was in possession of a piece of property, although a judgment of ouster had been pronounced against him. The Circuit Court of Appeals, despite the order of dismissal entered by this court, decided that the appeal taken by Rafael del Valle from that judgment had been duly perfected. Hence the said Rafael del Valle, as decided by the superior court had a certain right of possession pending the appeal. Maybe it was a very narrow right, but if his appeal was perfected he had it. The fact that Del Valle was under an actual duty to deliver the possession can make no difference. When a party in possession appeals the law allows him to retain possession pending the appeal. The judgment of the lower court is superseded. Although the damages may be slight in this particular case they may be grave in some other. To some damages susceptible of proof Del Valle was at least nominally entitled. Therefore I dissent.